IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CINDY M.,<br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:25-CV-00782-BW |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cindy M. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. (*See* Dkt. No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g) and § 1383(c). The parties consented to proceed before the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Special Order No. 3-350.

Plaintiff filed an initial brief on November 10, 2025 (Dkt. No. 17 ("P. Br.")), to which the Commissioner filed a brief in response on February 8, 2026 (Dkt. No. 22 ("D. Br.")), and Plaintiff filed a brief in reply on February 23, 2026 (Dkt. No. 23 ("Reply")). After considering the pleadings, briefs, and administrative record, the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings as set forth below.

## I. BACKGROUND

Plaintiff protectively filed an application for SSI on June 9, 2023, alleging disability beginning May 4, 2023, due to type 2 diabetes, peripheral neuropathy, obesity, atrial fibrillation, and related symptoms. (Transcript ("Tr.) 17, 68, 194-200.) The Commissioner denied Plaintiff's application initially on February 28, 2024 (Tr. 17, 68, 81-85) and again on reconsideration on July 25, 2024, after which Plaintiff timely requested a hearing. (Tr. 17.)

On March 4, 2025, Administrative Law Judge Marjorie Panter (the "ALJ") held a telephonic hearing, at which Plaintiff appeared and testified. (Tr. 17, 40, 42.) Plaintiff was represented at the hearing by Beth Matter, an attorney. (*Id.*) Todd Harden, an impartial vocational expert ("VE"), appeared and testified telephonically. (Tr. 17, 42-43, 60-65.) After the ALJ held the record open for two weeks after the hearing to permit the submission of updated medical records, Exhibit 9F (Tr. 453) and Exhibit 10F (Tr. 454-55) were subsequently admitted. (Tr. 17.)

The ALJ issued an unfavorable decision on April 3, 2025, finding Plaintiff not disabled. (*See id.* at 14–33.) On May 28, 2025, the Appeals Council denied Plaintiff's request for further review. (Tr. 1-6.) The ALJ's April 3, 2025, decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## II. LEGAL STANDARDS

### A. District Court Review

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236-37 (5th Cir. 1994). Thus, the court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923;

*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-244-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Pedro Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

**B. The Sequential Evaluation Process**

"In order to qualify for [supplemental security income], a claimant must suffer from a disability." *Copeland*, 771 F.3d at 923 (citing 42 U.S.C. § 423(d)(1)(A)). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.*

§ 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Wren*, 925 F.2d at 125 (summarizing 20 C.F.R. § 416.920(b)-(f)). On the first four steps of the analysis, the claimant has the initial burden of proving that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner on the fifth step to show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Id.* "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

At step one, the Commissioner considers whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner considers whether the claimant has a medically determinable impairment, or combination of impairments, that is severe. *Id.* § 416.920(a)(4)(ii), (c). At step three, the Commissioner compares the severity of the claimant's impairments to a list of impairments the Commissioner has deemed severe enough to preclude substantial gainful activity, and if the claimant's impairments meet or equal a listed impairment, disability is presumed. *Id.* § 416.920(a)(4)(iii), (d). If not, the Commissioner must assess the claimant's residual functional capacity, *id.* § 416.945, before proceeding to step four, at which the Commissioner determines whether the claimant can perform her past relevant work, *id.* § 416.920(a)(4)(iv), (f). If the

claimant cannot perform her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is capable of performing other work existing in significant numbers in the national economy. *Id.* § 416.920(a)(4)(v), (g); *Greenspan*, 38 F.3d at 236; *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

## III. THE ALJ'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in her April 3, 2025 decision:

1. The claimant has not engaged in substantial gainful activity since June 9, 2023, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: Type 2 diabetes, peripheral neuropathy, obesity, atrial fibrillation (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a)[1] with the following abilities and restrictions: occasionally climb ramps and stairs; never climb ladders, scaffolds, or ropes; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach, handle and finger bilaterally.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on October 7, 1983, and was 39 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 9, 2023, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17-33.)

Accordingly, the ALJ determined that, for the application for supplemental security income filed on June 9, 2023, the claimant is not disabled under section 1614(a)(3)(A) of the Act. (Tr. 33.)

## IV. ANALYSIS

Plaintiff asserts two points of error, both related to the ALJ's obligation to develop the record. Plaintiff contends that the ALJ failed to develop a full and fair record by not ordering a psychiatric consultative examination and by not obtaining any medical opinion regarding Plaintiff's mental impairments. (*See* P. Br. at 1-2, 6-14.) Accordingly, argues Plaintiff, "it is unclear whether the ALJ properly assessed [Plaintiff's] RFC." (*Id.* at 14.) Plaintiff additionally contends that because the ALJ's RFC finding included no mental limitations and no such limitations were presented in the hypothetical questions to the VE at step five, the ALJ's disability decision was not supported by substantial evidence. (P. Br. at 6-14.)

The Commissioner argues in response that the ALJ's decision was supported by substantial evidence because the record contained sufficient evidence for the ALJ

to make an informed decision, and there was no need for the ALJ to have supplemented the record with additional evidence. (D. Br. at 3-10.) Further, argues the Commissioner, the ALJ reasonably found at steps two and three that Plaintiff did not have a severe mental impairment and then considered Plaintiff's anxiety in her RFC analysis and reasonably determined that it did not result in limitations affecting the RFC. The Commissioner additionally argues that even if Plaintiff's anxiety was severe, any error committed by the ALJ would be harmless. (*Id*. at 8-9.)

The Court has reviewed the briefing and the administrative record and finds that the record contained sufficient medical evidence to allow the ALJ to determine disability, and based on the relevant evidence in the record, the ALJ reasonably determined that Plaintiff's mental limitations were non-severe. However, because the ALJ did not explain "why [s]he omitted any mental limitations from the residual-functional-capacity formulation," the Court cannot determine whether the ALJ's RFC determination was supported by substantial evidence. *Alicia Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022) (emphasis omitted). Accordingly, remand is warranted on this basis.

**A. The ALJ was not required to obtain an additional psychiatric consultative examination or medical opinion.**

Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence because the ALJ failed to develop the record when she did not order a psychiatric consultative examination or obtain a medical opinion regarding Plaintiff's mental impairments. (*See* P. Br. at 7-14.)

RFC is what an individual can still do despite her limitations. Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *Id.*; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. SSR 96-8p, 1996 WL 374184, at *2. RFC is not the least an individual can do but the most. *Id*. The RFC is a function-by-function assessment, with both exertional and nonexertional factors to be considered, and it is based upon all of the relevant evidence in the case record. *Id*. at 3-6. The ALJ has the sole responsibility for evaluating a claimant's RFC based on the record. 20 C.F.R. § 404.1546(c); *see also Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). The ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence. SSR 96-8p, 1996 WL 374184, at *7.

The ALJ has a duty to fully develop the record when evaluating an applicant's claim for disability benefits. *Ripley v. Chater*, 67 F.3d at 557. That duty, however, is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (5th Cir. 2001).

An ALJ's obligation to develop the record will sometimes require ordering a consultative examination. *See* 20 C.F.R. § 404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us

to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests"). A consultative examination may be required "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision" on a claim. 20 C.F.R. § 404.1519a(b). The decision to require a consultative examination is discretionary. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). Under Fifth Circuit precedent, an ALJ abuses her discretion by failing to order a consultative examination when "the record establishes that such an examination is *necessary* to enable the ALJ to make the disability decision." *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) (emphasis in original). A failure to order a consultative examination is "not reversible error unless the claimant is prejudiced." *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021).

Plaintiff suggests that remand is appropriate here based on the Fifth Circuit's unpublished opinion in *Hardine v. Kijakazi*. No. 21-60226, 2022 WL 2070399 (5th Cir. June 8, 2022). But *Hardine* is distinguishable for several reasons. In *Hardine*, the Fifth Circuit held that the Commissioner's failure to order a consultative examination was prejudicial error where: (1) the Commissioner found that a note from the claimant's treating physician was "not clear" and "vague" regarding "what medical conditions resulted in limitations"; and (2) the Commissioner rejected a finding of anxiety and depression, despite the claimant testifying to symptoms of such, because the records "lacked a definitive diagnosis." *Id*. at *1-3.

By contrast, a consultative examination is unnecessary where there is "[n]othing in the record [that] suggests that the ALJ needed any more medical information to reach an informed decision." *Webster*, 19 F.4th at 720. The medical evidence that Plaintiff asserts necessitated a consultative examination did not create ambiguities in the record that would have justified that position. Plaintiff points to treatment notes indicating an assessment of anxiety, a referral for behavioral health services, and a prescription for Escitalopram.[2] (P. Br. at 4-5 (citing Tr. 326, 338, 454).) Plaintiff also points to her testimony at the March 4, 2025 hearing, where she reported that she suffers from depression and anxiety that is "in the sky right now," together with crying spells, anger outbursts and irritability, very low interest, and difficulty completing tasks and focusing (Tr. 56-57).

Plaintiff contends that the ALJ's assessment of her mental impairments was "incorrect and incomplete," and "[a] psychiatric consultative examination would have addressed the ALJ's equivocal conclusion about the diagnosis of a mental impairment as well as the gaps in the record about [Plaintiff's] mental impairments." (P. Br. at 10.) Specifically, Plaintiff takes issue with the ALJ's "equivocal conclusion" that "[c]onsidering all the evidence, it seems that [Plaintiff] does not have a medically determinable mental impairment" and "even if [Plaintiff] has anxiety as a medically determinable impairment, it is nonsevere." (P. Br. at 9-10

[2] Escitalopram is a medication used to treat depression and generalized anxiety disorder. Mayo Clinic, Escitalopram (oral route), https://www.mayoclinic.org/drugs-supplements/escitalopram-oral-route/description/drg-20063707 (visited Aug. 3, 2025).

(citing Tr. 20).) Among other things, Plaintiff complains that the ALJ did not mention that Plaintiff received a prescription for Escitalopram in January 2025 record (P. Br. at 9 (citing Tr. 19-20, 454)), but although Plaintiff reported being put on antidepression and anxiety medication in May 2024 (*see* Tr. 237), she did not report taking any psychotropic medication at her March 2025 hearing (*see* Tr. 49).

In any event, the ALJ's evaluation of Plaintiff's mental impairments as "nonsevere" does not reveal any ambiguities regarding *whether* Plaintiff had received a diagnosis (as in *Hardine*) but rather hinged on evidence indicating that Plaintiff' "interacted well with her treatment providers and consultative physicians and often [was] described as calm, pleasant, polite, and/or cooperative"; she had essentially normal mental status examination findings throughout; and she "does not see anyone for any mental health treatment." (Tr. 21, 27, 58, 282, 314, 330, 362, 368.) *See Daigle v. Kijakazi*, No. 22-30721, 2023 WL 4501865, at *3 (5th Cir. July 12, 2023) (unpublished) ("ALJ properly used mental status examinations as part of his decision-making process." (citations omitted)). The ALJ also recounted Plaintiff's statements to medical professionals about being "mobile every day with errands" and independent with self-care. (Tr. 27, 325, 424).) *See* 20 C.F.R. § 416.929(c)(3)(i) (daily activities a relevant factor in evaluating symptoms); *see also Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995) ("It is appropriate . . . to consider the claimant's daily activities when deciding the claimant's disability status."). This is distinct from *Hardine*, where the ALJ specifically rejected a finding of anxiety and depression because the claimant had not received a formal diagnosis.

Here, the record contained sufficient medical evidence to allow the ALJ to determine disability. *See Hardman*, 820 F.3d at 148 (holding that "[t]he ALJ had sufficient facts before him with which to determine whether [the claimant] was disabled" when "[t]he record was replete with medical documents that spanned years"); *B.F. v. Comm'r, Soc. Sec. Admin.*, No. 4:25-CV-1195-BR, 2026 WL 1419141, at *5 (N.D. Tex. May 20, 2026) (finding that the ALJ's disability determination was supported by substantial evidence where the ALJ consulted treatment records showing consistently normal clinical findings and conservative and routine treatment, as well as considered Plaintiff's reported daily activities). Accordingly, the ALJ was not required to obtain a psychiatric consultative examination.

Similarly, the ALJ was not required to obtain a medical source opinion regarding Plaintiff's mental impairments. There is no requirement that an ALJ's RFC finding be premised on a medical opinion. *Thompson v. Soc. Sec. Admin.*, No. 23-30702, 2024 WL 1886757, at *2 (5th Cir. Apr. 30, 2024) (unpublished) (citing *Webster*, 19 F.4th at 718-19). The ALJ alone is responsible for assessing the RFC at the hearing level. 20 C.F.R. § 416.946(c); *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) ("Under the regulations and our case law, the determination of [RFC] is the sole responsibility of the ALJ." (citation omitted)). It is an administrative finding of fact "based on all of the relevant medical and other evidence" of record. 20 C.F.R. § 416.945(a)(3); *see also* SSR 96-8p (1996). Furthermore, medical opinion evidence is only one of five categories of evidence. 20 C.F.R. § 416.913(a)(2). It is not binding, conclusive, or determinative. 20 C.F.R. § 416.920c. Neither statute,

regulation, nor binding caselaw precedent requires that an ALJ obtain a medical opinion. As explained in *Ripley*, "[t]he absence of a [medical source] statement . . . does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557. Rather, "where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id*. Such is the case here, and the Court will proceed to analyzing whether the ALJ's findings were supported by substantial evidence.

**B. Substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment.**

At step two, an ALJ first must decide whether an alleged impairment is an impairment at all. If not, there is no error in failing thereafter to mention or analyze the alleged impairment further. *See Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004). Next, the ALJ "must consider the medical severity of [the claimant's] impairments." 20 C.F.R. § 404.1520(a)(4)(ii), (c). To comply with this regulation, the ALJ "must determine whether any identified impairments are 'severe' or 'not severe.'" *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010). A prerequisite to this consideration is deciding whether claimants have a "medically determinable physical or mental impairment," because claimants are deemed not disabled if they cannot prove that an impairment is medically determinable. *Id.* § 404.1520(c). If an ALJ determines that the claimant has one or more severe medically determinable impairments, he or she then moves on to subsequent steps in the evaluation process, as noted above. *See id.* § 404.1520(a)(4).

A severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101, 1104-05 (5th Cir. 1985); *see also Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). An impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work. *Stone*, 752 at 1101. "This second step requires the claimant to make a *de minimis* showing." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)). The Fifth Circuit held in *Stone* that it would assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) [ (2012)] is used." *Stone*, 752 F.2d at 1106; *accord Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Despite this presumption, "courts must look beyond the use of 'magic words' and determine whether the ALJ applied the correct severity standard." *Holmes v. Astrue*, No. 3:11-CV-2634-G-BH, 2013 WL 638830, at *9 (N.D. Tex. Jan. 25, 2013), *adopted*, 2013 WL 646510, at *1 (N.D. Tex. Feb. 20, 2013). Unless the correct standard is used, the claim must be remanded for reconsideration. *Stone*, 752 F.2d at 1106.

When an ALJ assesses mental impairments, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and other work-setting pressures. 20 C.F.R. § 404.1545(c); *Martha L. v. Saul*, No. 1:20-CV-00003-H-BU, 2021 WL 3610316, at *3 (N.D. Tex. July 27, 2021), *adopted*, 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021). The ALJ is required to use the psychiatric review technique ("PRT") to rate the degree of limitation in four broad mental functioning domains on a five-point scale (none, mild, moderate, marked, and extreme) in the four broad domains, commonly referred to as the paragraph "B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. 20 C.F.R. § 416.920a.

Applying the PRT, the ALJ found that Plaintiff had no difficulties understanding, remembering, or applying information; no difficulties interacting with others; mild difficulties concentrating, persisting, or maintaining pace; and mild difficulties adapting and managing oneself. (Tr. 22.) "Based on the objective medical findings, independent activities of daily living, and the paucity of mental health treatment, the ALJ determined that Plaintiff's mental limitations were non-severe. (Tr. 20-22, 31). *See* 20 C.F.R. § 416.920a(d)(1)) (ratings of none or mild support a conclusion that an impairment is not severe unless the evidence indicates there is more than a minimal limitation in the ability to do basic work activities); *see also* SSR 85-28 (medical impairments that are not severe).

As noted above, Plaintiff complains that the ALJ "equivocated" in making this conclusion because she stated, "it seems that [Plaintiff] does not have a medically determinable mental impairment," emphasizing the ALJ's use of the verb "seems." (P. Br. at 9-10 (citing Tr. 20); *see also* Reply at 2.) Plaintiff's characterization of the ALJ's conclusion as "equivocal" is exaggerated. The simple dictionary definition of "equivocal" means "subject to two or more interpretations and usually used to mislead or confuse" or "of uncertain nature."[3] The Court cannot agree that the ALJ's use of "seems" falls into this category. Rather, the simple dictionary definition of "seem" or "seems" means "to appear to the observation or understanding" or "to give the impression of being."[4] Furthermore, even if "seems" could reasonably be perceived as an "equivocal conclusion," it was ultimately resolved in Plaintiff's favor, as the ALJ determined that Plaintiff's anxiety was a medically determinable impairment and reasonably found that it was non-severe. Furthermore, the ALJ's conclusion was supported by substantial evidence, including the objective medical findings, Plaintiff's independent activities of daily living, and the paucity of mental health treatment. (Tr 19-23, 31.) *See* 20 C.F.R. § 416.920a(d)(1)); *see also* SSR 85-28; *Stone*, 752 F.2d at 1101.

---

[3] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/equivocal (last visited Aug. 4, 2026).

[4] *Id.*, https:// https://www.merriam-webster.com/dictionary/seem (last visited Aug. 4, 2026).

## C. The ALJ failed to adequately consider Plaintiff's non-severe mental impairments in assessing her RFC.

As noted above, the ALJ found at step two that Plaintiff had only mild limitations in two of the four broad areas of mental functioning, and therefore, her anxiety was not severe. (Tr. 22.) The ALJ's evaluation of mental limitations at step two, however, is "not an RFC assessment but [is] used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, 1996 WL 374184, at *4. "The subsequent mental RFC assessment requires a more detailed analysis in which the ALJ must consider a claimant's mental disorders and express them in terms of work-related functions[.]" *Joy C.-L. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-896-B-BK, 2024 WL 3527855, at *4 (N.D. Tex. July 8, 2024) (citing SSR 96-8p, 1996 WL 374184, at *4, 6), *adopted*, 2024 WL 3529009 (N.D. Tex. July 24, 2024).

In making the RFC assessment, the ALJ must consider all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017); SSR 96-8p, 1996 WL 374184, at *5. The ALJ must also consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* SSR 96-8p, 1996 WL 374184, at *5. The ALJ may draw reasonable inferences from the evidence in making his decision, but the social security ruling also cautions that presumptions, speculation, and supposition do not constitute evidence. *See e.g.*, SSR 86-8, 1986 WL

68636, at *8 (1986), *superseded by* SSR 91-7c, 1991 WL 231791, at *1 (Aug. 1, 1991) (changing the ruling only to the extent the SSR discusses the former procedures used to determine disability in children).

The ALJ is not required to incorporate limitations in the RFC that she did not find the record supported. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record."). In reviewing the ALJ's decision, a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.

"[C]ourts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Tamara G. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-631-D-BK, 2023 WL 2504912, at *3 (N.D. Tex. Feb. 13, 2023), *adopted*, 2023 WL 2518840 (N.D. Tex. Mar. 14, 2023). But when an ALJ finds mental limitations are credible at steps two and three but does not include any discussion of them at later steps, an ALJ must explain "why [s]he omitted any mental limitations from the residual-functional-capacity formulation." *See Alicia Castillo*, 599 F. Supp. 3d at 489.

Here, the ALJ did not adequately discuss Plaintiff's mental limitations in her RFC analysis. (*See* Tr. 24-31.) As noted above, the ALJ recognized that Plaintiff suffered from non-severe mental impairments and further assessed Plaintiff with mild mental limitations in two of the four functional areas. (Tr. 31.) But the impact of

these limitations remains undeveloped once the ALJ conducts her RFC analysis. The RFC analysis contains only a brief paragraph regarding Plaintiff's mental impairments, merely stating that the ALJ considered all of Plaintiff's non-severe impairments in the RFC (of which anxiety was among them) and determined that "the evidence indicates those impairments do not affect or limit [Plaintiff's] residual functional capacity." (*Id.*) But the RFC discussion is silent as to Plaintiff's mental limitations and mental functioning. Thus, the undersigned is unable to determine whether the ALJ properly considered any restrictions that might arise from Plaintiff's non-severe mental impairments in determining Plaintiff's RFC.

The Commissioner maintains that the ALJ's analysis reflects that she considered Plaintiff's anxiety but found it did not result in limitations affecting the RFC. (D. Br. at 8.) But the Commissioner's argument misstates the issue at hand. The error here is not that the ALJ failed to *include* mental limitations in the RFC, instead, the error is the failure to *consider* whether including the functional limitations was warranted. *Alicia Castillo*, 599 F. Supp. 3d at 489. Not only does the ALJ have a duty to fully and fairly develop the facts relating to a claim for disability benefits, see *Ripley*, 67 F.3d at 557, the ALJ must also consider "throughout the disability determination process . . . the combined effect of any impairments 'without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (quoting 20 C.F.R. § 404.1523). Here, the ALJ's failure to consider Plaintiff's non-severe mental impairments and limitations in the RFC analysis constitutes legal error. *See Gonzales*

*v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017) (finding, among other things, that the ALJ erred when he failed to consider and discuss the mental limitations faced by claimant in the RFC determination); *see also Martha L.*, 2021 WL 3610316, at *5; *Joy C.*, 2024 WL 3527855, at *4; *Alicia Castillo*, 599 F. Supp. 3d at 489.

**D. The ALJ's error was not harmless.**

Notwithstanding legal error, remand is not warranted if the ALJ's error is harmless. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). For the reasons discussed below, the Court finds the error is not shown to be harmless.

"The ALJ has a responsibility to adequately explain [her] reasoning in making the findings on which his ultimate decision rests, and in doing so must address all pertinent evidence. The Court's inability to clearly determine whether the ALJ adequately considered certain limitations or not constitutes reversible error." *Joy C.-L*, 2024 WL 3527855, at *5 (quoting *Gonzales v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017)). Here, Plaintiff argues that the ALJ's RFC determination and the corresponding hypothetical question did not contain any mental work-related limitations, and therefore, the ALJ could not rely on the vocational expert's testimony. (*See* P. Br. at 6-7.) The Court agrees. The ALJ found mild limitations in concentrating, persisting, or maintaining pace and mild

difficulties adapting and managing oneself. (Tr. 22.) The concentrating, persisting, or maintaining pace area of mental functioning refers to "the abilities to focus attention on work activities and stay on task at a sustained rate," and the adapting or managing oneself area refers to "the abilities to regulate emotions, control behavior, and maintain well-being in a work setting." *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(E)(3). But the ALJ's hypotheticals contained no mental limitations, and therefore, the VE was never asked about off-task time, pace, stress tolerance, supervision, or adaptation. (Tr. 61-62.)

Because the ALJ failed to reasonably incorporate all recognized limitations, the hypothetical questions were deficient. *See Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (vocational testimony is reliable only if the hypothetical accurately reflects the claimant's limitations); *Eastham v. Comm'r of Soc. Sec. Admin*, No. 3:10-CV-2001, 2012 WL 691893, at *8-9 (N.D. Tex. Feb. 17, 2012) (hypothetical question was deficient where it failed to incorporate disabilities that the ALJ had previously recognized but did not include in the ultimate RFC determination).

This omission makes it impossible to know "whether the ALJ adequately considered certain limitations or not." *Alicia Castillo*, 599 F. Supp. at 490 (citing *Gonzales*, 2017 WL 3492215, at *6). Even slight mental limitations may have affected the ability to perform the other jobs identified. *Id.*; *see also Serena G. v. O'Malley*, No. 4:23-CV-3517, 2024 WL 4846214, at *5 (S.D. Tex. Nov. 18, 2024) (finding that the ALJ's errors prejudiced the plaintiff because the ALJ "may have assessed a more limited RFC precluding Plaintiff from performing" the occupations

identified by the VE); *see also Joy C.-L.*, 2024 WL 3527855, at *4; *Melissa B. v. Comm'r of Soc. Sec.*, No. 4:24-CV-00856-BT, 2025 WL 2550582, at *3 (N.D. Tex. Sept. 4, 2025).

In other words, "the impact of the ALJ's error here may be *de minimis*, or only require minor modifications of [Plaintiff's] residual functional capacity[,]" resulting in the same conclusion that Plaintiff can still perform work available in the national economy; but due to the ALJ's silence on the matter, the Court cannot say if that would truly be the result. *Alicia Castillo*, 599 F. Supp. at 490 (citing *Curry v. Comm'r of Soc. Sec.*, No. 1:15-CV-07515-NLH, 2017 WL 825196, at *5 (D.N.J. Mar. 2, 2017)) (cleaned up) (ALJ reversibly erred in failing to evaluate whether plaintiff's mild and moderate mental impairments impacted her overall residual functional capacity). Accordingly, the ALJ's failure to adequately discuss Plaintiff's mental limitations in her RFC determination warrants remand.

In addition, although the Court found no error with respect to the ALJ's duty to develop the record, if the ALJ believed she needed additional evidence to make a supported finding regarding Plaintiff's mental limitations and functioning, *see Hardman*, 820 F.3d at 148, she could have supplemented the record with a medical source opinion rather than summarily finding that Plaintiff's non-severe mental impairments posed no RFC limitations at all. Such additional evidence may be required on remand.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this opinion.

**SO ORDERED** on August 10, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE